UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WORKPLACE SAFETY INSURANCE BOARD AND

    ISAAC MARTENS

        Plaintiffs,                     U.S.D.C. Case No:
                                      Honorable:

v

CORDES, INC. AND

AUSTIN VILLANUEVA

        Defendants.

                                 /

John R. Allaben (P44053)
ALLABEN & BANDEEN. P.C.
Attorneys for Plaintiff
4467 Cascade Road, S.E., Suite 4473
Grand Rapids, Michigan 49546
(616) 464-1561; Fax 616-464-1579

---

## COMPLAINT AND JURY DEMAND

---

NOW COME Plaintiffs, Ontario Workplace Safety Insurance Board, hereinafter "WSIB,"

an Ontario, Canada insurance organization, and Isaac Martens, an employee of Ontario, Canada

employer P. Klassen Custom Fab., Inc., by and through their attorneys, ALLABEN & BANDEEN,

P.C., and for their Complaint against the above-named defendants, state as follows:

1

**PARTIES**

1. Plaintiff WSIB, is an Ontario, Canada insurance organization that provides Canadian "workers compensation" coverage for Ontario, Canada employers and employees, per the Workplace Safety and Insurance Act of 1997, chapter 16. The WSIB principal place of business is at 300 Tartan Drive, London, Ontario N5V 0E9. The WSIB covers employers and employees who regularly conduct business in the State of Michigan and across the United States. WSIB has consented to jurisdiction in the State of Michigan.

2. Plaintiff Isaac Martens, at all pertinent times herein, was and is an employee of P. Klassen Custom Fab, Inc., an Ontario, Canada employer, and is a resident of Essex, Ontario, Canada. Plaintiff Martens chose to be covered for Workers Compensation benefits through the WSIB, relating to his severe injuries sustained in a trucking collision on 8/11/23 in Ottawa County, Michigan, and as such, per the Workplace Safety and Insurance Act of 1997, chapter 16, has transferred and assigned his rights to pursue this bodily injury liability claim against defendants, to the WSIB, although he retains an interest for any recovery made above and beyond the total benefits paid by the WSIB.

3. Defendant Cordes, Inc., is a corporation organized and existing under the laws of the State of Michigan, with it's principal place of business at 10100 Sedroc Industrial Drive SW, Byron Center, MI 49315. Defendant Cordes, Inc. is and was an interstate motor vehicle carrier registered with the US Department of Transportation to operate commercial motor vehicles transporting materials and property in interstate commerce for profit within the United States, including the State of Michigan, with USDOT #289530 and MC #01356163.

4. Upon information and belief, Defendant Austin Villanueva, was an employee of Defendant Cordes, Inc., at the time of this motor vehicle crash that occurred on 8/11/2023 and is a resident of Otsego, Michigan. Defendant Villanueva was employed or was the statutory employee of

Defendant Cordes, Inc., pursuant to the Federal Motor Carrier Regulations as a commercial motor vehicle (CMV driver).

## JURISDICTION AND VENUE

5. *Subject Matter Jurisdiction.* Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy is substantially in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorney fees, and the parties are citizens and corporate entities of different countries.

6. *Venue.* Pursuant to 28 U.S.C. § 1391 (b)(1) and (2), an action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located, and an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The acts and omissions alleged in this complaint occurred in Polkton Township, Ottawa County, State of Michigan.

## GENERAL ALLEGATIONS

7. All allegations and causes of action in this complaint, pled above and below, are incorporated into these claims for relief by reference.

8. Defendant Cordes, Inc. is an authorized interstate motor carrier with authority issued by the Department of Transportation, Federal Motor Carrier Safety Administration.

9. On August 11, 2023, Villanueva was driving and operating a red 2023 Kenworth T800B tractor (cab behind engine), VIN 3WKDD40X8PF227377, Michigan vehicle registration BC39397, towing Two East Manufacturing Trailers, both owned by Cordes, Inc., with trailer #2 having VIN 1E1W1H583JR063078, and Michigan registration D764882.

10. Upon information and belief, Defendant Villanueva was operating the CMV under the authority of a Michigan's Commercial driver's license.

11. Pursuant to the Workplace Safety and Insurance Act at section 30 (10), once Plaintiff Martens

elected to accept "workers compensation" benefits from the WSIB, the WSIB was authorized to pursue this liability claim to recoup all benefits paid to Plaintiff Martens, in addition to all injuries and damages to both WSIB and Isaac Martens, and is a proper party plaintiff in this lawsuit.

## CRASH

12. All allegations and causes of action in this complaint, pled above and below are incorporated into these claims for relief by reference.

13. On August 11, 2023, at approximately 12:43 PM, Plaintiff Isaac Martens and Defendant Austin Villanueva, were involved in a commercial motor vehicle collision on Interstate 96, near mile marker 16, in Polkton Township, Ottawa County, Michigan (hereinafter referred to as the "Subject Crash").

14. On the day of the subject crash, it was daylight, the road surface was dry, and the weather was clear.

15. Both Plaintiff Martens and Defendant Villanueva were proceeding westbound on Interstate 96, with Defendant Villanueva ahead of Plaintiff Martens, in the right lane of the two westbound lanes.

16. At that time and place, a witness, Sergei Zubku, was travelling behind and east of both vehicles and had a dashcam that recorded events leading up to the crash.

17. At the time and place of the subject crash, Defendant Villanueva was operating the 2023 Kenworth T800B tractor and was towing two trailers.

18. The tractor that Austin Villanueva was driving had VIN 3WKDD40X8PF227377 and was towing two trailers, the last trailer being a 2018 East Manufacturing trailer with VIN 1E1W1H583JR063078. The tractor and both trailers were both owned by Defendant Cordes, Inc.

4

19. At the time and place of the subject crash, Plaintiff Martens was operating a 2012 Freightliner M2 tractor with VIN 1FUJC5DV2CHBK3749 registered in Ontario, Province Canada and was towing a Lode King trailer with Ontario Canada plate J44976, owned by Klassen Custom Fab, Inc., Plaintiff Martens employer.

20. As Defendant Villanueva was driving, one or more tractor and/or trailer brakes apparently "locked up," possibly due to a loss of air pressure.

21. At the time and place of the subject crash, Defendant Cordes's 2023 Kenworth tractor began moving to the right side of the roadway and onto the right shoulder.

22. At the time and place of the crash, the 2023 Kenworth tractor abruptly moved left, directly in front of Plaintiff Martens and his employer's 2012 Freightliner tractor with trailer.

23. At the time and place of the subject crash, Defendant Villanueva and the Cordes 2023 Kenworth tractor with double trailer ended up blocking both westbound lanes and the left shoulder, causing Plaintiff Martens and the Klassen Freightliner to strike the "fifth wheel" driver side area of the Villanueva/Cordes/Kenworth tractor with double trailer.

24. Plaintiff Martens and the Klassen Freightliner with trailer had moved into the left westbound lane to go around the suddenly "stopping" Cordes Kenworth with double trailer, but crashed into the driver's side fifth wheel of the Cordes Kenworth with double trailer within the left westbound lane, causing severe injuries to Plaintiff Isaac Martens.

## DUTIES

25. All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

26. Defendant Cordes, Inc. had a duty to supervise and ensure that it's employee truck drivers were properly screened, licensed, and trained to drive safely, including reacting promptly to any visual or audible warning signals within the Cordes 2023 Kenworth tractor, and abide by all

Federal and State laws and regulations.

27. Defendant Cordes, Inc., had a duty to the public to avoid knowingly placing its commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury to members of the public, such as not properly training or ensuring that its drivers have the skills necessary to properly and promptly react to audio/visual warnings and signals within the Cordes, Inc. tractors and practice proper driving skills in a "brake lock up" scenario, such as driving the Cordes tractors onto the shoulder or off the roadway, so as not to constitute a hazard to other drivers on the roadway.

28. Defendant Cordes, Inc., as an interstate carrier, are subject to the laws, rules, and regulations set forth in the Federal Motor Carrier Safety Act.

29. Defendant Cordes, Inc., had a duty to ensure that it's tractors and trailers were in safe working order, including the proper functioning of audio/visual warnings, such as the warning light/buzzer advising a commercial driver that there may be an imminent loss of air pressure and a potential "locking up or freezing up" of brakes.

30. Upon information and belief, Defendant Villanueva, acted in accordance with his training, supervision and instruction he received from his employer, or the lack thereof, and that his actions and the manner of doing his actions, which led or contributed to the subject crash, including but not limited to him failing to promptly react to audio/visual warnings, not driving the Kenworth tractor onto the right shoulder or off the right side of the road, and/or turning the Kenworth tractor to the left, bringing the tractor and double trailers in front of all other traffic to the rear of the Cordes Kenworth, created a hazard and blocked the entire westbound lanes and left shoulder from other traffic.

31. Defendant Villanueva had a duty to comply with the commercial driver's license manual for the State of Michigan, the Federal Motor Carriers Safety Regulations, and the Michigan statutes.

32. Defendant Villanueva had a duty to promptly pull off the roadway and bring the tractor and double trailer to an immediate stop, after the visual/audible low air pressure warning buzzer activated.

33. Defendant Villanueva had a duty to properly and safely move the tractor and double trailer off the roadway after any brakes "locked up," in accordance with his training, and he failed to comply with the requirements of his Michigan Commercial Drivers License, the FMCSR's and Michigan State statutes, by failing to immediately pull off the road and stop the double tractor and trailer after activation of the low air pressure warning light/buzzer, and not pulling the tractor and double trailer off of the road after the brakes locked up, and/or turning the tractor left to bring the tractor and double trailer completely across both lanes of travel and on to the shoulder creating a hazard to other motorists.

## FIRST CAUSE OF ACTION
### (Negligence-Villanueva)

34. All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

35. Defendant Villanueva had a duty of reasonable care owed to Plaintiff Martens and other members of the public to safely and properly operate his commercial motor vehicle.

36. Defendant Villanueva failed to drive safely at the time of the crash, pull his tractor with double trailers off the roadway and come to an immediate stop after the activation of the low air pressure light/buzzer, and in moving the tractor and double trailers to the left to fully block both westbound Interstate lanes and left shoulder, creating a significant hazard for other motorists.

37. Defendant Villanueva failed to drive safely and prudently and lost control of his tractor with double trailer, creating a hazard and causing the collision and resulting in injuries to Plaintiff Martens.

38. Defendant Villanueva, through his negligent, careless, reckless, and wrongful acts and omissions, violated applicable codes, ordinances, regulations, and/or statutes of the State of Michigan or the United States, including but not limited to the following:

    a. MCL 7.626(b) (Careless Driving);

    b. MCL 257.626 (Reckless Driving).

39. Defendant Villanueva, through his negligent, careless, reckless, and wrongful acts and omissions, violated applicable Federal Motor Carrier Safety regulations, including, but not limited to, the following:

    a. 49 C.F.R. § 393.51-Improperly Functioning Air Pressure Warning Signals

    b. 49 C.F.R. § 392.7-Failure to Perform Pre-Trip Inspection to make sure of Properly Functioning Air Pressure Warning Signals or Negligently Performing Same

    c. 49 C.F.R. § 392.7-Negligent Inspection or Failure to Inspect and Ensure Properly Functioning Equipment, including air pressure warning signals

    d. 49 C.F.R. § 396.13-Failure to Ensure Vehicle is in Safe Operating Condition

    e. 49 C.F.R. § 383.111-Required Knowledge, which sets forth the knowledge all CMV operators must have, included, but not limited to ensuring the vehicle he or she is operating is in safe operating condition, with properly functioning air pressure warning signals

    f. 49 C.F.R. § 383.113-Required Skills, which sets forth the skills all CMV operators must have, including, but not limited to basic vehicle control skills, and safe on road driving skills.

    g. 49 C.F.R. § 383.111(b)-Required Knowledge and Actions of Driver Relating to Airbrakes

40. Defendant Villanueva was also negligent in failing to move his tractor and double trailer off to the right side of the expressway, after his tire brakes activated, so as not to constitute a hazard to

8

other traffic by moving left and blocking both lanes of westbound travel, including the left shoulder.

41. The purpose of the aforementioned codes, ordinances, regulations, statutes, and negligence law, was to protect against the type of injuries and damages Plaintiff sustained as a result of this incident.

42. Plaintiff was a member of the group of persons that the aforementioned codes, ordinances, regulations, statutes, and negligence law were intended to protect.

43. Consequently, Defendants' conduct complained of herein constitutes negligence.

44. Upon information and belief, Defendant Villanueva knew or should have known that he was operating a vehicle with a defective or improperly working air pressure warning signals; Defendant Villanueva failed to act properly, after activation of the air pressure warning signals, in removing his vehicle and double trailers from the roadway, prior to engagement/freezing up of the brakes, thereby constituting a danger and hazard to other traffic and motorists, including Plaintiff.

45. Upon information and belief, Defendant Villanueva knew or should have known that the air pressure warning signals were defective or not operational and he never should have been driving the tractor pulling double trailers, and by doing so he knew he was in violation of the pertinent regulations, placing himself and other motorists in harm by operating the tractor and trailers.

46. Upon information and belief, Defendant Villanueva disregarded the activation of the properly functioning air warning signals and did not immediately pull his tractor and double trailers off to the side of the road, thus allowing the brakes to lock up, which led to placing other motorists, including Plaintiff, in immediate danger.

47. Upon information and belief, Defendant Villanueva knew or should have known that he was

either operating a tractor with defective and improperly functioning air pressure warning signals, or he knew he was disregarding properly functioning air pressure warning signals, which led to the brakes locking up, which led to the crash that severely injured Plaintiff.

48. Upon information and belief, Defendant Villanueva knew or should have known that he was required to pull the tractor and double trailers off to the right side of the road, even into the right ditch, after his brakes locked up and by moving the tractor left, he placed the tractor and double trailers through both lanes of travel and the left shoulder in a "jackknife fashion." The jackknife may have resulted from his decision to turn the tractor steering wheel to the left, placing his vehicle and trailers in a hazardous position for other motorists including Plaintiff. Plaintiff's skills and training dictated he continue moving to the right of the roadway, bringing the tractor and trailers off the right side of the roadway, even into the right ditch, so as not to constitute a hazard.

49. As a direct and proximate result of Defendant Villanueva's negligence, careless, reckless acts and omissions, and violations of law, Plaintiff Isaac Martens suffered and continues to suffer severe and permanent personal injuries, damages, and losses as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

50. As a direct and proximate result of Defendant Villanueva's negligence, careless, reckless acts and omissions, and violations of law, Plaintiff WSIB suffered and continues to suffer required payments to Isaac Martens, pursuant to Canada and Ontario law, as more particularly set forth below in the section of the Complaint entitled "DAMAGES."

## SECOND CAUSE OF ACTION
### (Vicarious Liability – Defendant Cordes, Inc.)

51. All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

52. Upon information and belief, Defendant Villanueva was an employee, agent, or statutory employee of Defendant Cordes, Inc., at all times relevant to the facts and allegations in this Complaint.

53. Upon information and belief, Defendant Cordes, Inc. was acting as employer, principal, and statutory employer of Defendant Villanueva at the time of the subject crash.

54. Defendant Villanueva was acting within the course and scope of his employment and/or statutory employment at the time of the subject crash.

55. By virtue of Defendant Villanueva being an employee, agent, or statutory employee of Defendant Cordes, Inc., and because he was acting within the scope of his employment at the time of the crash, the acts and omissions of Defendant Villanueva are deemed to be the acts and omissions of Defendant Cordes, Inc. under the doctrine of *Respondeat Superior.*

56. Consequently, Defendant Cordes, Inc. is liable for the acts and omissions of Defendant Villanueva and for Plaintiff's resulting injuries, damages, and required payments, as set forth in this Complaint.

### THIRD CAUSE OF ACTION
### (Direct Negligence – Defendant Cordes, Inc.)

57. All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

58. Defendant, Cordes, Inc., was required to comply with all pertinent Federal Motor Carrier Safety regulations, most specifically, the duties to ensure Defendant Villanueva's compliance with the FMCSR's.

59. Defendant, Cordes, Inc. failed to ensure Defendant Villanueva's compliance with the pre-trip inspection regulations to ensure properly functioning air warning signals and failed to ensure Defendant Villanueva's compliance with the requirement to immediately pull his tractor and any trailers off of the road immediately after activation of the air pressure warning signals pursuant to

11

49 C.F.R. § 396, 392, and 393, among others.

60. Defendant Cordes, Inc. was negligent in the supervision and training of Defendant Villanueva, and knew or should have known he would not properly ensure properly functioning air pressure warning signals or that Defendant Villanueva would ignore the activation of functioning air pressure warning signals.

61. Additionally, Defendant Cordes, Inc. was negligent, based upon the aforementioned C.F.R. regulations, in failing to ensure properly functioning air pressure warning signals, and/or properly functioning brakes, in the tractor/trailers that Defendant Villanueva was operating at the time of the crash.

62. Defendant Cordes, Inc. is also directly negligent, based upon the aforementioned regulations, statutes, and common law, in not ensuring that Villanueva would immediately pull over to the side of the road if his air pressure warning signals activated.

63. As a direct result of these negligent acts and omissions by Defendant Cordes, Inc., Cordes is liable for the brakes on the tractor/trailers activating/freezing up/locking up, which led to the crash that severely injured Plaintiff Martens.

64. As a result of these negligent acts and omissions by Defendant Cordes, Inc., Cordes' is liable for Defendant Villanueva failing to immediately pull the tractor/trailers off to the right side of the road after activation of the air pressure warning signals, which led to the crash that severely injured Plaintiff Martens.

## DAMAGES

65. All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

66. As a direct and proximate result of the negligent, and/or reckless, willful, careless, and negligent conduct by all Defendants, Plaintiff Isaac Martens suffered severe injuries, losses, and

12

harms.

67. Plaintiff Isaac Martens is entitled to collect the following damages:

    (a) Pain and suffering, past and future;

    (b) Mental anguish, past and future;

    (c) Fright, shock, humiliation, embarrassment, mortification, past and future;

    (d) Loss of enjoyment of life, past and future;

    (e) Loss of earning and earning capacity, past and future;

    (f) Medical expenses, past and future, including the cost of care, which can reasonably be expected to be incurred in the future in an amount to be set forth at trial;

    (g) Disability and disfigurement

    (h) Serious impairment of body function;

    (i) All other damages that may apply and are allowed by law;

    (j) Interest, costs, and attorney fees incurred.

As a direct and proximate result of the negligent, and/or reckless, willful, careless, and negligent conduct buy all Defendants, Plaintiff Workplace Safety Insurance Board suffered losses, harms, and required payments.

68. Plaintiff Workplace Safety Insurance Board is entitled to collect the following damages:

    (a) All benefits and required payments Plaintiff WSIB made to Plaintiff Isaac Martens, as required by Canadian and Ontario law, and specifically pursuant to the Workplace Safety and Insurance Act, including, but not limited to, § 30.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues in this case.

Wherefore, Plaintiffs respectfully requests this honorable court enter judgement in their favor and against Defendants in amount to justly compensate Plaintiffs for their past and future

13

injuries and damages and interests as allowed by Michigan law, in excess of $75,000, and for such

other and further relief as this court may deem just and proper.

DATED: 7/6/26

By: _____
John R. Allaben (P44053)
Attorney for Plaintiff

ALLABEN & BANDEEN, P.C.
4467 Cascade Road SE, Suite 4473
Grand Rapids, MI 49546
(616) 464-1561; Fax (616) 464-1579

14